UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH KAMYAB.<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT KERNAN,<br><br>    Respondent. | No. 1:17-cv-01012-DAD-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR FAILURE TO STATE A CLAIM [Doc. 12]**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner filed a petition for writ of habeas corpus on July 31, 2017. Respondent filed a motion to dismiss the petition for failure to state a cognizable claim on October 31, 2017. Petitioner filed a response to the motion to dismiss on November 17, 2017. Because the Court agrees with Respondent that the petition does not challenge the underlying conviction, but rather challenges the conditions of his confinement, the Court will recommend Respondent's motion to dismiss be **GRANTED**.

**DISCUSSION**

A.    <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

B.     <u>Civil Rights Claims</u>

As Respondent correctly states, Petitioner does not challenge his underlying conviction, nor does it seek release from illegal custody. Rather, Petitioner challenges the denial of an administrative appeal, and he seeks a court order requiring prison officials to process the appeal. He complains of the manner in which his appeal was screened and processed. None of these claims and arguments lies at the core of habeas jurisdiction.

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499. Petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed. Petitioner must seek relief for his complaints through a civil rights action.

In his response to the motion to dismiss, Petitioner requests that his habeas corpus petition be construed as a civil rights complaint pursuant to <u>Nettles</u>. In <u>Nettles</u>, the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983. <u>Nettles v. Grounds</u>, 830 F.3d 922, 936 (9th Cir. 2016). However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. <u>Id</u>. Here, the Court does not find recharacterization to be appropriate. Petitioner does not name the proper defendants and the claims are not amenable to conversion on their face. Accordingly, the Court should not exercise its discretion to recharacterize the action.

Therefore, the Court will recommend that Respondent's motion to dismiss the action be granted and the Clerk of Court be directed to send Petitioner a blank civil rights complaint.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten court days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 30, 2018**          /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE